**CAROL BARNHART, INC., Plaintiff,**

v.

**ECONOMY COVER CORP., Defendant.**

**No. CV 83–5372.**

United States District Court,
E.D. New York.

March 6, 1985.

Blum, Kaplan, Friedman, Silberman & Beran, New York City, for plaintiff.

Bierman, Bierman & Peroff, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Carol Barnhart, Inc., a designer and manufacturer of store display forms, asks for reargument, pursuant to Local Rule 3(j), of this Court's earlier grant of partial summary judgment in favor of Economy Cover Corporation, a manufacturer of display forms and accessories. At issue is the copyrightability of four half-torso clothing display forms created by plaintiff and copied by defendant. In granting summary judgment this Court held that the four display forms were utilitarian articles with no conceptually or physically separable artistic elements, hence not entitled to copyright.

First, plaintiff disputes the Court's analysis of the *prima facie* evidence provided by the grant of registration. *Carol Barnhart, Inc. v. Economy Cover Corp.*, 594 F.Supp. 364, 370 (E.D.N.Y.1984). Plaintiff calls this an unsupported finding of fact that calls for reargument. The Court does not consider or intend its reasoning to be a finding of fact. The statute dictates that the certificate of registration is "prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). Nevertheless, the Court of Appeals has held that a certificate of registration is not an irrebuttable presumption of copyright validity. *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.1980). Specifically, the Court declared, "Where other evidence on the record casts doubt on the question, validity will not be assumed." *Id.* Notably, the district court in *Durham Industries* had held a copyright invalid on a motion for summary judgment, and the Court of Appeals affirmed.

The question of "validity" goes to a number of elements, including originality, authorship, copyrightability, and compliance with statutory formalities. Under the 1976 Act, § 410(c) bestows *prima facie* validity on works registered within five years of publication, but leaves it to the discretion of the court what weight registration after five years of publication should be given. While originality and authorship may be obscured by the passage of time, copyrightability is not. For while authorship and originality are, at least initially, questions of fact, copyrightability is largely an application of law to undisputed facts in the form of the object sought to be

**434**

copyrighted. *Norris Industries, Inc. v. International Telephone and Telegraph Corp.*, 696 F.2d 918, 922 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 78, 78 L.Ed.2d 89 (1983). This prompts the Court to question whether the weight given the certificate of registration with regard to copyrightability should be affected by the five-year rule. Be that as it may, the propriety summary of judgment as a resolution to the issue of copyrightability is recognized. *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989 (2d Cir.1980).

■ In deciding the copyrightability issue the Court was reviewing an application of the law to the facts as embodied in the four display forms at issue. 2 M. Nimmer on Copyright § 7.21[A] at 7–151 (Matthew Bender & Co. 1984). Thus, in the course of its determination, the Court reviewed the Copyright Office's procedure in granting registration to the four Barnhart display forms. The Court does not wish to quibble over semantics. Nevertheless, it does not consider its discussion of the certificates of registration to be more than *dicta* and an elucidation of its legal reasoning in rejecting plaintiff's argument that the grant of certificates of registration was dispositive of the issue of copyrightability. It is the considered opinion of the Court that should the language that plaintiff quoted with objection be excised, the reasoning and judgment of the Court would not be altered or diminished. For while the Court perhaps erred in construing § 410(c) to give it discretion in weighing the certificates of registration, *Barnhart v. Economy Cover*, 594 F.Supp. at 367, it did not misinterpret the import, effect, or example of the case law in this and other circuits. Therefore, reargument based on the use of the registration certificates is unwarranted.

■ Finally, in its effort to gain reargument, Carol Barnhart, Inc. presents the certificates of registration from the Copyright Office for two other of its creations. Plaintiff contends these support its arguments that the four display forms at issue here are copyrightable art in the expert opinion of the Copyright Office, and that

such opinion should be accorded great deference by this Court.

The Court is not impressed by the copyright of models of a foot and "draped towel." Neither object is at issue here, neither has been reviewed by a court for copyrightability, neither is sold as a display form for shirts, sweaters, and jackets. These submissions do not constitute relevant new evidence or newly uncovered law. They are not a basis for granting reargument.

Accordingly, plaintiff's motion for reargument of the Court's grant of summary judgment dismissing Count I of the complaint is denied.

SO ORDERED.